PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| MOSHIR, | ) | |
|---|---|---|
| | ) | CASE NO. 4:17CV1480 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO CORRECTIONAL | ) | |
| CENTER, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants. | ) | AND ORDER |

This case has been transferred from the United States District Court for the Western District of New York. *See* ECF No. 3. *Pro se* Plaintiff Ali Moshir, an inmate at the Northeast Ohio Correctional Center ("NEOCC"), brings this civil rights action *in forma pauperis* against Defendants NEOCC, Warden, CCA/Core Civic, the United States Marshal Service, the federal government, the State of Ohio, Mahoning County, Ohio, and Officer Andres. In his complaint, Plaintiff alleges that he was getting drinking water from the day room when another inmate assaulted him. ECF No. 1. Plaintiff also alleges he would not have had to get water in the day room if the water in his cell had been drinkable. *Id.* He seeks $1 billion in damages.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be

(4:17CV1480)

granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

**I.**

It is well established that negligence cannot form the basis for a civil rights action. *Daniels v. Williams*, 474 U.S. 327 (1986). Construing the complaint liberally, Plaintiff's allegations as to Officer Andres fail to rise above negligence. *Cf*. *Dillon v. Wilson*, No. 85-5566, 821 F.2d 649(Table)(6th Cir. Jun. 29, 1987) (affirming *sua sponte* dismissal on ground that complaint, at most, claimed negligence). This is fatal to his claim against Officer Andres. Therefore, Plaintiff fails to state a claim against Officer Andres upon which the Court can grant relief.

As to all other Defendants, Plaintiff makes no allegations connecting any of those Defendants with the incident recounted in the complaint. This is fatal to his claims against all remaining Defendants. A plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). Additionally, a plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Plaintiff's failure to meet these basic

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the Court explicitly states that it is invoking Section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:17CV1480)

pleading requirements cause Plaintiff's claims against the remaining Defendants also fail to state a claim upon which the Court can grant relief.

**II.**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The dismissal is without prejudice to any valid state law claim Plaintiff may have. Pursuant to 28 U.S.C. §1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| October 13, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |